FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2022-2215
_____

ANTRON COLSTON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Gadsden County.
Robert R. Wheeler, Judge.


June 18, 2025


PER CURIAM.

    Antron Colston appeals his judgment and sentence for first-degree murder and armed robbery. He argues that the trial court reversibly erred when it (1) admitted State's Exhibit 3, which included GPS records with handwritten marks, and (2) admitted username information collected from two cell phones. We reject Colston's arguments and affirm.

I.

    Before trial, Colston moved to exclude State's Exhibit 3, which consisted of GPS data from a witness's ankle monitor. The exhibit incorporated three screenshots of digital maps. On each map, blue pen markings showed where the witness was located at the time

of the crime based on the GPS records. Colston argued that the handwritten marks constituted improper hearsay. In response, the State argued that its notice of certification satisfied all the statutory requirements to exempt the evidence under the business record exemption. The trial court determined that the exhibit was admissible and allowed the exhibit into evidence as a business record.

Colston also objected to the State's introduction of information extracted from two cell phones found at the crime scene. This evidence contained username information including an email address that incorporated the victim's name. Once again, Colston argued that the username information constituted improper hearsay. The trial court overruled this objection, and the information was admitted into evidence.

A jury found Colston guilty of first-degree murder and armed robbery. The trial court sentenced him to life imprisonment. This timely appeal follows.

## II.

Although we generally review a trial court's evidentiary rulings for an abuse of discretion, "the question of whether a statement is hearsay is a matter of law and is subject to de novo review on appeal." *Cannon v. State*, 180 So. 3d 1023, 1037 (Fla. 2015).

First, Colston asserts that the handwritten marks on the GPS records constitute improper hearsay. Hearsay is generally inadmissible, however, an exception to the hearsay rule applies to records kept during a regularly conducted business activity. §§ 90.802, .803(b)(6), Fla. Stat. (2022).

Colston argues that the presence of handwritten marks on the digital map screenshots take them outside the scope of this business records exception. But he cites no authority that would suggest that handwritten marks like the ones here are prohibited on a business record. Nor does he identify anything in the record showing that the marks were not made in the ordinary course of a regularly conducted business activity. We thus conclude the trial court did not err in admitting the exhibit.

2

Next, Colston argues the trial court abused its discretion by allowing the username information into evidence as it constituted improper hearsay.

Colston maintains that a username that includes an email address is a statement that establishes ownership—and is thus hearsay—but he cites no authority that supports this position. Such interpretation of the hearsay rule has not been adopted by other courts. *See, e.g.*, *Jean-Philippe v. State*, 123 So. 3d 1071, 1080 (Fla. 2013) ("[M]ost of the text messages from appellant's phone were not hearsay because they were not offered to prove the truth of the matter asserted therein."); *Thurston v. State*, 307 So. 3d 714, 716 (Fla. 4th DCA 2020) (explaining that the victim's testimony "that Muff told him appellant's name, Jerome Thurston" was "not hearsay because it was not offered to prove that Muff identified appellant by name."). We conclude that the username information here was not inadmissible hearsay.

Finding no error, we affirm Colston's judgment and sentence.

AFFIRMED.

OSTERHAUS, C.J., and BILBREY and NORDBY, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Jessica J. Yeary, Public Defender, and Richard M. Bracey, III, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and David Welch, Assistant Attorney General, Tallahassee, for Appellee.